14260

MEYER v. GULF REFINING CO.

(184 S. E., 796)

*Messrs. J. C. Long* and *M. L. McCrae,* for appellant,

*Mr. Robert McC. Figg, Jr.,* for respondent,

March 27, 1936.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

The plaintiff, Meyer, sued the defendant company for damages for personal injuries sustained by him while in the

employment of the latter at its service station in the City of Charleston. The complaint declared, among other things, "that during the early part of the evening of January 10, 1931, at approximately seven o'clock, the plaintiff, while serving an automobile with gasoline or other motor supplies, was caused to fall to the floor of the runway of the said service station," and that one of the vertebræ of his spine was broken, causing him to suffer excruciating pain, loss of time, etc. It was also alleged that his injuries were due to the negligence of the company in washing the service station while plaintiff was doing his work; in using a washing powder which made the runway slippery and slick; in failing to roughen or rib the concrete runway; and, in general, in failing to provide a reasonably safe place to work, and to take reasonable precautions to prevent plaintiff's injuries. The defendant admitted that Meyer was in its employment at the time he suffered the injuries complained of, but denied the other allegations of the complaint, and pleaded the defenses of contributory negligence and assumption of risk.

On trial of the case, the defendant's counsel duly moved for a nonsuit on the grounds that no actionable negligence was shown, and that the only inference to be drawn from the testimony was that plaintiff assumed the risk, and that he was guilty of negligence which contributed as a proximate cause to his injuries. Judge Greene granted the motion on all the grounds named, and from his order this appeal is taken.

The appellant states his exceptions as follows:

"That his Honor erred, as a matter of law, in the granting of a nonsuit against the plaintiff in this case, in that:

"First: The plaintiff introduced material testimony on the contested facts in the said case.

"Second: In that there was introduced on behalf of the plaintiff competent, relevant testimony, which if believed by the jury, proved negligence against the said defendant company.

"Third: In that material evidence was introduced by and on behalf of the plaintiff of the material allegations of the complaint."

We have read and reread with care the testimony of Meyer, the only witness who testified at the trial of the case, and are of opinion that the nonsuit was properly granted on the ground that the evidence conclusively showed that "the plaintiff was injured from a risk of his employment assumed by him, the risk and danger of which were obvious and apparent, or would have been to an ordinarily prudent person."

It is true that the affirmative defense of assumption of risk is generally a question for the jury, but not always so; for if the evidence for the plaintiff makes out such defense, the trial Judge may properly grant a nonsuit. In *Lyon v. Charleston & W. C. Ry.,* 77 S. C., 328, 58 S. E., 12, 17, the Court quoted with approval the following from *Hutchison v. Noland,* 1 Hill, 222: "The general rule certainly is that the plaintiff is not to be nonsuited on what constitutes the defendant's defense, but the rule applies only where the decision goes on the defendant's evidence. In such case the jury alone can decide. But, if the defendant's defense be established by the plaintiff's witness, then the objection does not apply."

As to the risks assumed by the servant, the Court had this to say in *Tyner v. Atlantic C. L. Ry. Co.,* 149 S. C., 89, 146 S. E., 663, 670: "The general rule is that the servant assumes such risks as are ordinarily incident to the service, but does not assume extraordinary risks unless they are known to and appreciated by him, or are so obvious that an ordinarily prudent person under the circumstances would have observed and appreciated them."

In the case at bar, the following facts are disclosed by the testimony pertinent to this issue: The plaintiff was a young man of intelligence and experience. At the time of the accident he had been working for the defendant as a filling station attendant for nearly a year, and as assistant manager for more than two months at the

station where he was injured. He was familiar with the station and its surroundings, and knew that the colored porter there had standing instructions from the manager to wash the runway every day, just before dark, and that this was always done while business was going on. He had seen "a good many filling stations washed in working for the Gulf Refining Company" and knew that it was done "by putting down water and sprinkling washing powder around and then scrubbing it with a brush with a handle on it and taking a hose and washing that off." He stated that the manner in which it was being done at the time he was injured was not different from the average way it was always done, "except they were probably a little late in starting." He knew also that to wet the cement runway tended to make it slippery, and that the use of powder for cleansing it of grease and oil made it at such time more so.

We are of opinion, in the light of these facts, that the risk was one ordinarily incident to the work that the plaintiff was doing and was assumed by him as an ordinary risk of his employment. But even if it were an extraordinary one, the conclusion would be the same, as no other inference can be drawn from the testimony, as we have said, except that he was familiar with the daily routine of washing the runway, worked in accordance with it, and knew and appreciated, as a person of ordinary care and prudence, the risk and danger, which were open and obvious; and with this knowledge he continued daily to perform his work and voluntarily accepted the risk. We think that Judge Greene properly concluded that the evidence permitted of no other inference.

The judgment of the Circuit Court is affirmed.

Messrs. Justices Carter, Baker and Fishburne concur.