14393

ADCOX v. CAMPBELL LIMESTONE CO *ET AL.*

(188 S. E., 657)

*Messrs. W. G. Sirrine* and *J. O. Williams,* for appellants,

*Messrs. G. G. Christopher* and *Mann & Mann,* for re-
spondent,

December 7, 1936.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

This is an action for personal injury alleged to have been sustained by respondent while employed as a fireman on the steam shovel of the appellant Campbell Limestone Company, engaged in operating a quarry at Beverly in Pickens County.

The delicts alleged, are: (1) That the appellants negligently failed and refused to furnish respondent with a safe place in which to work, in that they allowed a jagged piece of tin to protrude from the top of the steam shovel on which respondent was employed, and that when he went on top of same for the purpose of withdrawing a hose from the water tank, his feet slipped from under him, throwing him violently on and against this jagged piece of tin, cutting his forearm, etc.; and (2) in ordering respondent to go upon the top of the steam shovel when it was in this negligent repair, for the purpose of removing the hose, the appellants knowing that the place was dangerous.

The answer denied any acts of negligence, specifically denies ordering respondent to go upon the roof of the tank of the shovel or on the roof of the shed adjoining same; denied that respondent was not furnished a safe place to work; alleged that respondent was thoroughly familiar with the work he had to perform and the manner of performing same, and that he had chosen an unsafe way to perform a simple task when there was a safe way, and that it was the custom, and respondent had been instructed, to perform the same labor in a safe and different manner and without going upon the roof; pleaded the sole negligence of respondent, contributory negligence, and assumption of risk.

Upon a trial of the case, and at the conclusion of the testimony, appellants moved for a directed verdict on seven grounds. Numbers, I, II, IV, V, and VII being as follows:

"I. That there is no proof of negligence in any of the particulars alleged in the complaint.

"II. That the only reasonable inference to be drawn from the testimony is that the negligence of the plaintiff was the sole and proximate cause of the injury complained of."

"IV. That the evidence is conclusive that there was no change in the nature, construction and workmanship of the machine from the date of his employment and the time of injury; and that plaintiff knew, or should have known, the danger; and did understand and appreciate the danger, which was obvious and not unusual.

"V. That plaintiff assumed the risk."

"VII. That the plaintiff was guilty of contributory negligence."

The motion for a directed verdict was refused, and upon verdict for respondent, a motion for a new trial was made on practically the same grounds as for a directed verdict, and on other grounds not necessary to mention.

The trial Judge refused the motion for a new trial, and the case comes to this Court on exceptions alleging error in the refusal to direct a verdict on the grounds hereinbefore stated, in the refusal to grant a new trial, and in the charge of the trial Judge; but under our view of the case, it will be unnecessary to discuss the other than the grounds for a directed verdict herein-above set out.

The testimony of the respondent is to the effect that he had been working for the appellant Campbell Limestone Company for a year or more, and that for a period of two or three months he had been working as a fireman on the steam shovel on which he was injured. The shovel was operated by steam, with coal as fuel, and in addition to firing, it was the duty of the fireman, respondent in this case, to go upon the shed and roof of the steam shovel at least twice a day for the purpose of turning a valve, which turned on and off the steam: and it was his duty to keep water in the tank connected with the boiler,

and according to the testimony of respondent, this water was carried to the tank by a rubber hose attached to iron piping leading from a large standtank, and if not on all occasions, quite often the rubber hose led from the iron piping over the shed and into the tank from the right-hand side of the steam shovel, and in order to put the hose in the tank and remove same, it was necessary to go upon the roof of the shed. Respondent's positive testimony is that this was necessary on the day on which he was injured and that he was on the roof of the shed at the time of the injury under the direct instructions of the engineer of the steam shovel for the purpose of removing the hose, and that while so undertaking to remove the hose his feet slipped from under him, and in falling his wrist came in contact with a jagged piece of tin on the edge of the steam shovel, badly cutting same, etc. There is no allegation in the complaint of any negligent condition of the roof of the shed, causing him to fall, or any other delict in connection with his feet slipping from under him, although in the testimony he says that the roof was wet, caused by the hose leaking thereon. but it was his duty to have reported such a leak, and the hose had not been leaking prior to that time. The roof of the steam shovel, and shed attached thereto, was of tin, and with the exception of a piece of tin that had turned up and was jagged (the piece on which he was cut), there had been no change in the conditions since respondent had been employed thereon. Respondent had not noticed this piece of jagged tin sticking up in the many trips he had been on the roof of the shed and of the steam shovel. He had been on the roof just thirty minutes prior to the accident for the purpose of inserting the rubber hose in the tank.

It would appear logical that if the jagged tin protruding was so obviously a dangerous thing that the appellants were negligent in not knowing about and repairing it, then it was so open and obvious a defect that the respondent, in going upon the roof twice a day for the purpose of turning on and off the steam, and several times a day for inserting and

pulling the hose out of the tank, should have seen and known about it, and if he did not see it and know about it, then he was guilty of contributory negligence in failing to observe due care for his own safety, and if he had seen it and knew about it, and had not reported it or complained about the condition, and proceeded without objection to continue to go upon the roof, then he assumed the risk of being injured by falling upon same.

Certainly if the jagged piece of tin was of the dangerous nature claimed by respondent, with just ordinary diligence and care for his own safety he was bound to have seen it. This is the only reasonable inference to be drawn from the testimony, and under these circumstances, the trial Judge should have directed a verdict in favor of appellants on the grounds of contributory negligence and assumption of risk.

Reversed and remanded for entry of judgment in favor of appellant under Rule 27.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM and FISHBURNE concur.