14493

CROSS v. SIDDALL ET AL.

(193 S. E., 124)

No-
vember, 1936.

*Messrs. Evans, Galbraith & Holcombe,* for appellants,
cite :

*Messrs. Lanham & Lanham,* for respondent, cite :

June 7, 1937.

*Per curiam.*

About March, 1933, one George F. Siddall, a resident of Providence, R. I., came to Spartanburg County and established near Camp Wadsworth a plant for the manufacture of textile chemicals to soften cloth. Siddall was the sole owner of this business, which was operated at that time and until his death in February, 1934, under the firm name of George F. Siddall & Co. It seems to have been a part of plaintiff's duties to knock or hammer the top hoops off the barrels in which the cloth softener was shipped, and then, after the barrels were filled· with the manufactured product, to put heads in them and the top hoops back on them. In 1936 Cross brought this action for damages for personal injuries. He alleged that he worked for the defendants as an everyday laborer for some years; "that on a particular day, during the fall of 1934," acting under the orders and instructions of his employers, he proceeded to knock a very rusty iron hoop off of a barrel, and that, while doing so, a small particle of rust or iron flew into his right eye, destroying the sight. He further alleged that his injury was due to the negligent and reckless acts of the defendants in not furnishing him "with reasonably safe appliances and a reasonably safe place in which to work," in ordering him to work on the barrel with the rusty hoops, and in failing to exercise sufficient inspection.

Roland Siddall denied by his answer all the allegations of the complaint, and alleged that he had no voice in the management or operation of George F. Siddall & Co., but was an employee thereof receiving a stated salary and subject to its rules and regulations as other employees. He also set up the defenses of contributory negligence and assumption of risk. The defendant, George F. Siddall Company, Incorporated, denied the plaintiff's allegations, and alleged that, at the time the accident is claimed to have occurred, this defendant was not in existence; that it was created under the corporate name it now bears on April 2, 1934, "and said corporation purchased from the estate of George F. Siddell, deceased, all property, both real and personal, which had there-

tofore been used in connection with the plant located in the County of Spartanburg." The defenses of contributory negligence and assumption of risk were also pleaded.

On trial of the case, the following motions for a directed verdict were made: As to the defendant, Roland Siddall, upon the ground that the undisputed evidence showed that at the time the injury took place this defendant was not exercising any supervisory duties and had no connection whatever with the operation of the business. As to the defendant, George F. Siddall Company, Incorporated, upon the ground that the undisputed evidence showed that the injury alleged in the complaint occurred prior to the incorporation of this company, and that it could not, therefore, be liable for the injury. As to both defendants, on the ground that plaintiff's alleged injury resulted from the ordinary risks of his employment, which he had assumed. The motions were refused and the jury found for the plaintiff $150.00 actual damages. This appeal followed.

The plaintiff testified that he was employed at the Spartanburg plant some time in 1933 and remained there until 1935. He could not recall with certainty when the accident complained of occurred. He stated that the "best I can say is the fall of 1934." But he also said that George F. Siddall was living at the time the injury was received, and that he saw him thereafter; and, so far as the witness knew, both the father and son were then in charge of the plant, and that he was "bossed by both" of them. He further stated that the defendant, Roland Siddall, was working at the plant at the time the witness was hired, and, "as near as I can remember, he sort of managed." Siddall testified that he came to the Spartanburg plant about the middle of July, 1933, and stayed seven months, "as I remember it"; that his father was then living, and that the witness came down with the idea that he "would be superintendent for him to run this branch." When asked whether he had a supervisor's capacity or was one of the laborers, he replied: "I

had to operate the business for my father according to his instructions, and use my judgment as superintendent."

As we have stated, the plant was established near Camp Wadsworth about March, 1933, by George F. Siddall, the father, who was the sole owner of the business, and that it was operated as his until his death on February 23, 1934, under the trade name of George F. Siddall & Co. After his death, the defendant company was incorporated, the widow, son, and daughter of the deceased being the stockholders; and this corporation purchased all the property, both real and personal, which had been used in connection with the plant in Spartanburg County, and the business was thereafter apparently managed by the defendant, Roland Siddall. It seems clear, therefore, if the plaintiff's eye was injured in the fall of 1934, as testified to by him, that it was for the jury to say, under the testimony, whether the defendant, Roland Siddall, was in charge of the business and was at the time of the injury exercising supervisory duties in connection with its operation; and it also appears, if the accident occurred between the middle of July, 1933, and February 23, 1934, as might reasonably be concluded from the testimony, that the evidence made an issue for the jury as to whether the defendant, Siddall, during that period of time, exercised supervisory duties in connection with the operation of the business as it then existed. There was, therefore, no error in the Court's refusal to direct a verdict for that defendant upon the ground as stated in the record.

Nor do we think that the trial Judge erred in refusing to direct a verdict for the defendant, George F. Siddall Company, Incorporated, upon the ground that the undisputed evidence showed that this defendant was not in existence at the time of plaintiff's alleged injury. There was some testimony, as we have said, from which it might be inferred that the accident occurred in the fall of 1934, which was some months after the defendant company was incorporated. The submission of that issue to the jury was, therefore, not improper.

Both appellants complain of the Court's refusal to grant their joint request for a directed verdict on the ground that the injuries of the plaintiff, if any, resulted from the ordinary risks of his employment, which he had assumed.

Generally, as we have often said, the affirmative defense of assumption of risk is a question for the jury; but it is not always so. *Meyer v. Gulf Refining Co.,* 179 S. C., 324, 184 S. E., 796. "The general rule certainly is, that the plaintiff is not to be nonsuited on what constitutes the defendant's defense, but when the rule applies only where the decision goes on the defendant's evidence. In such case the jury alone can decide. But if the defendant's defense be established by the plaintiff's witnesses, then the objection does not apply." *Hutchison v. Noland,* 1 Hill, 222.

In the case at bar, the plaintiff, when asked how he got hurt, said: "I was heading a barrel and had to knock the hoop off and put the head on. It was an old barrel, and a rusty hoop and a piece of steel flew from the hoop and hit me in the eye. I had wanted to change hoops and they said not to change hoops, said I couldn't half head them if I changed hoops, so I had to use them." He also stated that he talked to the manager and to the sub-boss, and they said "go ahead and put the same hoops back on, because when you change, the barrel head spreads." He further testified that, when the manager told him to use the same hoops, "I thought it was my place to go ahead and use them, because I was not the boss"; and that he depended on him as boss to tell him what was right and safe. The defendant, Siddall, testified that he may have told the plaintiff to use the same hoops on the barrel because they would fit properly; and that he did not see any harm in them.

In *Stephens v. Southern Railway—Carolina Division,* 82 S. C., 542, 64 S. E., 601, 604, it was held: "If there is ground for reasonable difference of opinion as to the danger, the servant is not bound to set up his judgment against that of his superior, whose orders he is required to obey; but he may rely on the judgment of such superior."

We have a case here which we think is covered by the rule thus stated. The servant was afraid that the use of the rusty hoops might result in bodily harm to him, and he therefore appealed to the manager, his superior, for a change of hoops; the manager, who seemed to think that there was no danger, directed him to go ahead and use the ones that he had. This the servant did, stating that he depended on the boss to tell him what was right and safe. In these circumstances, the question raised was clearly one for the jury.

The judgment of the Spartanburg County Court is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM, BAKER and FISHBURNE concur.