14542

McGUIRE v. STEINBERG ET AL.

(193 S. E., 205)

*Messrs. Lionel K. Legge* and *John I. Cosgrove,* for appellant, cite:

*Messrs. Hagood, Rivers & Young,* for respondents, cite:

October 8, 1937.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

Appellant was employed as a clerk and "general help" in the wholesale grocery store of respondents on May 15, 1934. He brings this action by his guardian *ad litem* to recover damages for personal injuries which he alleges he sustained while engaged in the duties of his employment.

His complaint alleges that on the named day he was engaged in loading merchandise on a freight elevator, which is maintained and operated by respondents in their place of business; that the elevator, at the time the appellant was thus engaged in placing merchandise upon it, was at the second floor of the building; that while appellant was standing with one foot on the floor of the building and one on the elevator, the cable which operates the elevator broke; causing the elevator to fall and precipitating the appellant to the bottom of the elevator well, seriously and permanently injuring him; that these injuries were due and caused by the negligence, recklessness, wilfulness and wantonness of respondents in (1) failing to provide plaintiff with a reasonably safe place to work; (2) in failing to provide safe appliances; (3) in permitting the elevator to become and remain in a dangerous and unsafe condition; (4) in failing to properly inspect the elevator, the cable and other equipment; (5) in failing to warn plaintiff of the dangerous and unsafe condition of the elevator; (6) in ordering plaintiff to load freight on the elevator when defendant knew, or should have known, of its dangerous and unsafe condition.

For answer the defendants set out: Admitted the formal allegations of the complaint; denied the 3rd, 4th and 5th allegations of the complaint.

For further defense: that plaintiff was familiar with the condition of the elevator, had been warned thereof, and voluntarily assumed the risk incident to its use; that whatever injury he sustained was due to his own negligence,

recklessness and wantonness as a proximate cause thereof, which combined with and contributed to any negligence, recklessness and wantonness which defendants might have been guilty of and without which it would not have happened.

The case was heard by Judge Mann and a jury. At the conclusion of the testimony for the plaintiff, the defendants moved for a non-suit on the grounds that the only reasonable inference deducible from the evidence is that plaintiff was guilty of contributory negligence, and that he assumed the risk incident to the use of the elevator.

After hearing argument, his Honor granted the motion.

Plaintiff appeals on six exceptions, which counsel, in their brief, state involve three questions, which charge error, to wit:

1. The issue of contributory negligence should have been left to the jury.

2. Alleged contributory negligence of employee was not a bar to recovery against employer for wilfulness and wantonness.

3. Plaintiff's *prima facie* case as to both negligence and wilfulness and wantonness should have been submitted to the jury.

Counsel for appellants contend that "The trial Judge, however, granted the nonsuit upon the sole ground of the contributory negligence of the plaintiff." Upon the strength of this assumption, they state:

"At the outset, we would point out to the Court that the sole ground upon which the non-suit was granted was the alleged contributory negligence of plaintiff. This Court, therefore, is confined to the determination of the correctness of the ruling of the trial Judge on this issue and no other ground will be considered by it upon appeal."

Accepting as true their dictum that the motion for non-suit was granted upon the sole ground of the contributory negligence of the plaintiff and the appeal is confined to the

consideration of that issue alone, they proceed to the further predicate that the nonsuit should not have been granted because the contributory negligence of an employee is not a bar to recovery against an employer for wilfulness and wantonness.

If the appellant were correct in the assumption that the motion for nonsuit was granted upon the sole ground of the plaintiff's contributory negligence, the conclusions stated by it would be undeniable. But we cannot concur with appellant that the motion for nonsuit was granted upon the sole ground of plaintiff's contributory negligence. Appellant has taken from the order of nonsuit the concluding paragraph of the Judge's remarks, without considering it in the light of all of his remarks thereabout, and the allegations of the pleadings and the terms in which the motion for nonsuit is couched.

His Honor said: "I am inclined, Mr. Legge, to think that all the facts and circumstances are against you, and that there is only one reasonable inference to be drawn from the testimony, and that is that the plaintiff's own contributory negligence brought about the injury to himself, etc."

The defendants had specifically pleaded: "That whatever injury plaintiff received was due to and caused by the contributory negligence, carelessness, recklessness and wantonness of the plaintiff as a proximate cause thereof, without which the injury would not have occurred, combining with the alleged acts of negligence, carelessness, recklessness and wantonness of these defendants, in that the plaintiff, without an order or request from the defendant, in spite of the knowledge he had as to the condition of the cable on the elevator and in defiance of the instructions and warnings he had received to stay off the elevator, voluntarily, with full knowledge of the conditions that existed, placed his weight on the elevator and placed himself where he could be injured if the cable broke and the elevator fell, without paying any attention to his own safety, or taking

the proper precautions to prevent an injury to himself and in direct and wilful disregard of the warnings and orders that he had received, and so brought about his own injury."

The motion for nonsuit was couched in the following language:

Mr. Rivers: "If your Honor please, the defendants move for a nonsuit on the ground that the only reasonable inference to be drawn from the testimony is that the injury which the plaintiff sustained is one that he appreciated and knew of, and he was guilty of contributory negligence in placing his foot on the elevator after he says himself that he wouldn't ride on it; further, that he was absolutely familiar with the elevator and the general surroundings; that he himself had seen that the cable was worn, and in putting his foot on the elevator, he was disobeying orders given him, and in so doing, he was guilty of contributory negligence and assumption of risk under the circumstances."

The trial Judge, before using the language already quoted from the order of nonsuit, said this:

"I have been greatly impressed by this plaintiff's intelligence, and I think the appearances indicate very clearly the actual measure of the plaintiff's real powers of comprehension. I must say for the young man that he made a most admirable and candid witness. It seems to me that, having worked at this place for three years, and having, at frequent intervals, along with other duties incident to his employment, used this same elevator, and according to his own statement,—very candidly and commendably made,— he was thoroughly conscious of the apparent weakness of the cable—it is very commendable—with the weight—with the present weight on the elevator, while it was on the third floor, neither he nor his companion would risk the additional weight on the elevator, because he himself stated that he walked down because he knew the cable was defective, the only reasonable inference to be drawn from his testimony, that he knew that his weight, in addition to the then

present weight, would produce unfortunate consequences to himself, and then when he goes to the second floor to put on additional weight, he introduces his foot as more weight, and thereby causes the cable to snap. I think this case is clearly distinguishable from the *Tuttle case,* because it is perfectly apparent that this gentleman was just as fairly well acquainted with the conditions and their surroundings as the employer in charge."

We think the proper construction of this language is that the facts stated by the Court showed that the contributory negligence of which plaintiff was guilty was of the nature pleaded against him, which would bar him of recovery, viz, was of the nature of recklessness and wilfulness. The quoted language, fairly and properly construed, shows that his Honor was convinced that plaintiff was thoroughly informed of the condition of the elevator; that he knew it was unsafe and therefore refused to ride on it, from the third floor to the second floor, yet when he got to the second floor deliberately and purposely put the weight of a part of his body upon it, and caused the cable to snap; and that his doing so was wilful and reckless.

Furthermore, his language can be construed beyond doubt to mean that the plaintiff knew of the dangerous condition of the elevator and assumed the risk. Therefore, when he said to plaintiff's counsel, "All the facts are against you," he meant to say, and did in effect say, the facts and circumstances show that plaintiff was guilty of negligence and recklessness and wilfulness, and assumed the obvious risk of the situation, as against your contention that his injuries were due to the negligence, recklessness, wilfulness and wantonness of the defendants, and that plaintiff did not know of the unsafe condition of the elevator.

We think the order of nonsuit must be construed to mean that plaintiff was guilty of contributory negligence of such nature as includes wilfulness and recklessness of that nature which bars recovery.

But, even so, appellant contends that the issue should have been submitted to the jury.

If there was any conflicting testimony as to the condition of the elevator, or any doubt of the fact that plaintiff was aware of its unsafe condition, the cases referred to and cited by appellant would have some application. But in view of the allegation by plaintiff in his complaint that the elevator was in a dangerous and unsafe condition, and his candid avowal on examination that he knew of this condition, it is idle to say that defendants should have warned him of such condition, and that it should have been left to the jury to say whether respondents were guilty of negligence thereabout.

In the case of *Grier v. Winyah Lumber Company,* 144 S. C., 10; 142 S. E., 685, in an opinion written by Mr. Justice Stabler, there was quoted from the case of *Owings v. Moneynick Oil Mill,* 55 S. C., 483; 33 S. E., 511, the following:

"The well-settled rule, as we understand it, is that it is the duty of the master, when a servant is set to work at a dangerous place, or with dangerous machinery or other appliances, to warn the servant of the danger to which he is exposed, where he knows or ought to know that the servant is not aware of the danger, and it is negligence on the part of the master to fail to give such warning in such a case. But where the servant knows the dangerous nature of the situation in which he is required to work, or of the machinery or other appliances which he is required to use, such warning would not only be useless, but would be absurd."

No one will question the principle which appellant cites authorities to support, to wit, that it is the duty of the master to furnish the servant with a reasonably safe place to work and safe appliances with which to do the work.

Appellant relies in support of his appeal, as he did on Circuit, on the case of *Tuttle v. Hanckel,* 179 S. C., 60; 183

S. E., 484. We think that case is markedly differentiated from this case by the fact that in that case the employee was suddenly confronted by a situation which was new to him, which he had no opportunity to inspect or investigate; and by an emergency which required immediate action. In discussing the question of assumption of risk Mr. Justice Fishburne, who delivered the opinion of the Court, said: "It was held in *McBrayer v. Virginia-Carolina Chemical Company*, 89 S. C., 387; 71 S. E., 980, that in determining whether a servant assumed the risk of obeying his employer's orders and continuing in service after knowledge of danger in so doing, the degree of danger, the extent of the employer's appreciation thereof, and the necessity of doing the work should be considered, there being no absolute rule to determine the question, though generally the employee does not assume the risk unless the danger is so obvious that one of ordinary prudence would not incur it."

This is sound law and applicable to that case, and to this one. Plaintiff in our case was presented with no emergency and was familiar with the unsafe condition of the elevator, and for years had remained in the employ of the defendants and in constant use of the elevator.

The marked difference in the two cases is made more apparent by this quotation from the *Tuttle case:*

"It must be borne in mind that on the morning of the accident the appellant was immediately thrown into the rush of a busy day's work. He was told by his superior to be quick, and to hurry, in having certain cases of bottles washed; that when he went to work he found the floor clean, as always, and that the bottle-washing machine did not begin to leak at the force pump until in actual operation. It must be conceded that he assumed the ordinary risk incident to walking upon the wet floor in the performance of his duties, but there is nothing in the evidence to indicate that he knew or had reason to anticipate that the force pump on the automatic washing machine would on this

morning emit a steady stream of soapy and oily water on the floor. His testimony tends to show that in his hurry he did not notice the unprecedented leakage, and it was only immediately after the accident that he observed that the conditions under which he was working had become more hazardous."

The appellant, relying upon his legal position that the nonsuit was granted upon the sole ground of the contributory negligence of the plaintiff, has not discussed the question of assumption of risk, but has confined himself to the discussion of contributory negligence. Recent decisions of this Court make plain the close interrelation and application of these two doctrines.

At the same term of this Court at which the *Tuttle case, supra,* was decided (filed May 7, 1936), this Court decided the case of *Meyer v. Gulf Refining Company,* 179 S. C., 324; 184 S. E., 796. The opinion in that case filed March 27, 1936, was delivered by Mr. Chief Justice Stabler; from it we quote:

"It is true that the affirmative defense of assumption of risk is generally a question for the jury, but not always so; for if the evidence for the plaintiff makes out such defense, the trial Judge may properly grant a nonsuit. In *Lyon v. Charleston & W. C. Ry.,* 77 S. C., 328, 58 S. E., 12, 17, the Court quoted with approval the following from *Hutchinson v. Noland,* 1 Hill, 222: 'The general rule certainly is that the plaintiff is not to be nonsuited on what constitutes the defendant's defense, but the rule applies only where the decision goes on the defendant's evidence. In such case the jury alone can decide. But, if the defendant's defense be established by the plaintiff's witnesses, then the objection does not apply.' "

In the case of *Blalock v. Graniteville Mfg. Co.,* 183 S. C., 247; 190 S. E., 709, the case was akin to the *Meyer case* in that the plaintiff, who was employed in a cotton mill, alleged that he was injured when he fell upon the wet floor,

which had been scoured with soap and water, which made the floor "slippery." Judge Grimball granted the motion for nonsuit, stating that he was granting it on the strength of the *Meyer case;* and for:

"2. That the only inference to be drawn from the testimony is that, if plaintiff was injured in the manner described by him, that he was injured from a risk of his employment assumed by him, the risk and danger of which were obvious and apparent, or would have been to an ordinarily prudent person.

"3. That the only inference that can be drawn from the testimony is that plaintiff was guilty of contributory negligence, wilfulness and wantonness."

This order of nonsuit was affirmed in an opinion written by Mr. Justice Baker in which he points out, as he did in the case of *Hice v. Dobson Lumber Company,* 180 S. C., 259; 185 S. E., 742-745, the difference between the danger which one assumes who is familiar with the circumstances, and that of a danger with which the employee is suddenly brought face to face, which required prompt action and which was calculated to upset his mental equilibrium and prevent the exercise of calm judgment. Such a situation did not arise in the *Blalock case,* nor did it arise in the case we are now passing upon.

In the case of *Adcox v. Campbell Limestone Co.,* 182 S. C., 106; 188 S. E., 657, it appears that the principal delict of which the plaintiff complained was that his employer did not furnish him a safe place in which to work, in that it permitted a jagged piece of tin to protrude from the top of the steam shovel on which plaintiff was employed, and that when he went on to the top of the shovel in the course of his work and was handling the hose to the water tank, he fell upon the jagged tin and was injured. A motion for directed verdict for defendant was refused, and there was a verdict for plaintiff. On appeal the judgment was reversed. In the opinion by Mr. Justice Baker, this is said:

"It would appear logical that if the jagged tin protruding was so obviously a dangerous thing that the appellants were negligent in not knowing about and repairing it, then it was so open and obvious a defect that the respondent, in going upon the roof twice a day for the purpose of turning on and off the steam, and several times a day for inserting and pulling the hose out of the tank, should have seen and known about it, and if he did not see and know about it, then he was guilty of contributory negligence in failing to observe due care for his own safety, and if he had seen it and knew about it, and had not reported it or complained about the condition, and proceeded without objection to continue to go upon the roof, then he assumed the risk of being injured by falling upon same."

In the case at bar the plaintiff knew of the unsafe condition of the elevator, had worked with and about it for a considerable length of time (about three years). It does not appear from the record that he ever complained of the condition of the cable, or asked that it be repaired. Clearly he assumed the risk of being injured by it.

In the recent case of *Hice v. Dobson Lumber Co.*, 180 S. C., 259, 185 S. E., 742, Mr. Justice Baker in a strong opinion discusses the law of assumption of risk and contributory negligence.

The plaintiff in that case lost his fingers while operating a rip saw in the planing mill of defendant's lumber plant. The usual issues of negligence in furnishing a safe place, and of assumption of risk and contributory negligence arose. Motions for nonsuit and directed verdict for defendant were made in due course, and refused, and there was a verdict for plaintiff. In the course of the opinion this is stated by way of explaining the circumstances of the delict complained of:

"On January 14, 1931, respondent, who was the foreman of appellant's planing mill, undertook to cut a slit through the center of some small pieces of lumber one inch square

and about three feet long, leaving approximately three inches at each end of the pieces unsawed, so that when said pieces of timber were sawed it would continue as a solid piece of wood with a slit cut through the center thereof, and while this work was in progress, the respondent using a rip saw in the work, suffered the loss of the four fingers at the second joint of his left hand."

There is set out in the opinion the following:

"In respondent's brief, in the 'statement,' is the following:

" 'There is no contention of any defect in the saw itself. The plaintiff bases his case on the theory that the work at hand was ordered by plaintiff's superior on the spot and was a type of work defendant was unequipped for and done in an emergency, using material and method selected by the Master for this particular job, and with the promise of help from his superior'."

Then the author of the opinion quotes from the argument of the appellant, the following:

" 'Assumption of risk and contributory negligence were the grounds upon which the motions for nonsuit and directed verdict were made. The ten exceptions merely present all of the distinct grounds urged in support of the motions.

" 'We realize that there is some distinction between the defenses of assumption of risk and contributory negligence. This distinction is either broadened or narrowed under the particular facts of each given case. In this case, however, we think that the facts almost merge the two defenses.

" 'In the case of *Hall v. Northwestern Railway Company*, 81 S. C., 522, 62 S. E., 848, 850, we find this language:

" ' "This is one of that class of cases where, by reason of the allegation that the danger was so obvious and imminent that no prudent servant would have undertaken to make the coupling, the defenses of contributory negligence and assumption of risk approach so closely to each other that dis-

tinction between them is almost impossible in the practical application of the law."

" 'In the case just cited the Supreme Court quoted with approval the following extract from the case of *Barksdale v. Railway Company,* 66 S. C., 204, 44 S. E., 743:

" ' "In further elaboration of the distinction, it is said in *Barksdale v. C. & W. C. Ry.,* 66 S. C. (204), 211, 44 S. E., 743: 'Nearly every case of contributory negligence on the part of an employee, involves in a general sense some assumption of risk, because in order to be guilty of contributory negligence there must be the risk of apparent danger. When a servant risks this danger in the discharge of duty imposed on him in the course of usual duty, this would be, in an exact sense, a case of assumption of risk; but if he improperly risks the danger, which becomes a proximate cause of the injury, in doing that which is not imposed on him in the course of his usual duty, it would be contributory negligence'." ' "

After a thorough analysis of the evidence and consideration and application, the conclusion was reached, concurred in by all the Justices, that plaintiff had assumed the risk of the injury which he suffered and could not recover.

The case at bar is entitled to, and has received, careful consideration. Naturally, one's sympathy is with the young man who has been grievously hurt. And one is mindful that on motion for nonsuit or directed verdict, the evidence must be construed in the aspect most favorable to plaintiff; but, after careful study of the evidence and the law which is applicable, we can arrive at no conclusion other than that plaintiff was guilty of negligence amounting to willfulness, and that with full knowledge of the risk, he assumed it.

These things bar his recovery.

The judgment appealed from is affirmed.

Mr. Chief Justice Stabler and Messrs. Justices Baker and Fishburne concur.

MR. JUSTICE CARTER did not participate on account of illness.