17792

George W. HATCHELL, Appellant, v. L. O. FIELD, Respondent
(120 S. E. (2d) 401)

*John Sloan, Esq.,* of Columbia, *for Appellant,*

*John Gregg McMaster, Esq.,* of Columbia, *for Respondent,*

June 1, 1961.

LEGGE, Justice.

Plaintiff sued the defendant, his employer, for damages for personal injuries sustained by the plaintiff as the result of being kicked by one of the defendant's cows. The action, in tort, was based upon alleged negligence and willfulness of the defendant in keeping a vicious and dangerous animal. Defendant denied the charges of negligence and willfullness and pleaded assumption of risk and contributory negligence and willfullness. The trial judge refused defendant's motions for nonsuit and for directed verdict; and the jury found for the plaintiff $4,000 actual damages. Thereafter judgment for the defendant was ordered, notwithstanding the verdict; and plaintiff has appealed.

The defendant, a dairy farmer of eleven years' experience, owns and operates a dairy farm in Richland County, with a herd of fifty-four cows. The plaintiff, a white man thirty-three years of age, and with fifteen years' experience as a herdsman, had been in the defendant's employ, as a herdsman, for three years prior to the accident. He and his family lived on the defendant's place. On July 31, 1959, while preparing to attach the electrically operated milking apparatus to Lulu, one of the defendant's Holsteins, the plaintiff was kicked by the cow and severely injured.

Plaintiff testified that it was part of his job as herdsman to put the milking equipment on the cows. As to Lulu, he testi-

fied that he had raised her; that he had milked her with her first calf; that he had been "working" her for two years; that when the accident happened she was milking with her second calf; that she had never kicked him before, "no more than no other ordinary cow did"; that he had never talked with the defendant about getting rid of her; and that until July 31, 1959, she was "just another durn cow" to him. He also testified that he had been away one Sunday when Lulu was milking with her first calf; that the following morning when he came in he knew from the size of her udder that she had not been milked, and so he had milked her; and that later that morning when his employer came around: "he told me, he said 'George, I've got to admit Lulu bluffed me down. I couldn't even wash her bag Sunday night and I didn't milk her. I had to leave her for you.'" The plaintiff does not suggest that he had had any trouble in milking her then or at any time thereafter until July 31, 1959, one calf later, when she kicked him. It is also clear from his testimony that on the day of the accident he had received from Lulu what might be called a warning kick, just before the one that injured him. He described the accident in these words:

"Well, we were milking as usual. Lulu was a fresh cow and I always put her—most of them had certain stalls or stanchions to stand in—whatever you call them—in the barn, and I was about to put the machine on her and when I did, she kicked. I staggered back and when I went back to put the machine on her she pranced around and she hauled off and kicked like that and knocked me back under the other cow. I had never been kicked like that before in my life by a cow and I've been a herdsman for fifteen years."

Plaintiff's own testimony bars his recovery. It shows conclusively that his unfortunate injuries resulted from an ordinary risk of his employment, of which he had knowledge, and which he had therefore assumed.

As well settled as the rule of assumption of risk is its exception where, there being basis for honest difference of opinion as to the manner in which he might

more safely perform his work, the servant surrenders his judgment of unsafety in reliance upon his master's superior judgment. *Scott v. International Agricultural Corp.*, 180 S. C. 1, 184 S. E. 133; *Hice v. Dobson Lumber Co.*, 180 S. C. 259, 185 S. E. 742; *Cross v. Siddall*, 184 S. C. 508, 193 S. E. 124; *Cooper v. Mayes*, 234 S. C. 491, 109 S. E. (2d) 12. Nothing in this record suggests the applicability of that exception.

The record discloses no evidence of negligence on the part of the defendant, and we therefore do not reach the issue of contributory negligence raised by the answer. The trial judge did not pass upon either of these issues, resting his judgment solely upon assumption of risk. His conclusion was fully warranted by the evidence. The facts of this case readily distinguish it from *McCaskill v. Elliot*, 5 Strob. 196, 36 S. C. 196, 53 Am. Dec. 706, and from *Mungo v. Bennett*, S. C., 1961, 119 S. E. (2d) 522.

Affirmed.

TAYLOR, C. J., and OXNER, MOSS and LEWIS, JJ., concur.