15235

AUGUSTINE v. CHRISTOPOULO *ET AL.*

(13 S. E. (2d), 918)

*Messrs. S. S. Seideman and J. C. Long* for appellant,

*Messrs. Hagood, Rivers & Young* for respondent,

March 26, 1941.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE BAKER.

This is an action arising under what is commonly known as the "Guest Statute", section 5908, Code of 1932.

The appellant alleges in his complaint that on August 7, 1938, while riding in an automobile, owned and operated by the respondent herein, at the invitation of respondent, and proceeding from the City of Charleston to Folly Beach, both in the County of Charleston and State of South Carolina, he was painfully, seriously and permanently injured; that the injuries sustained by him were due solely to and caused by the negligent, careless, reckless, heedless, willful and wanton operation of the automobile in which he was riding, there being five specifications or particulars set out, but when boiled down charge reckless operation of the automobile by respondent, and insufficient brakes on the automobile. As to the lack of good and sufficient brakes there is no testimony in the record.

The answer of respondent admitted that appellant on the occasion of his alleged injury was his guest in the car described in the complaint, but denied any negligence, recklessness, wilfulness, wantonness, etc., in the operation of the automobile, and pleaded the protection afforded by Section 5908 of the Code.

During the trial of the case respondent was permitted to amend his answer by setting up the further defense of contributory negligence and recklessness, from which ruling no appeal has been taken.

When appellant "rested his case," respondent moved for a nonsuit on two grounds, the first, and the one upon which the trial Judge granted the motion, being as follows: "That the only reasonable inference to be drawn from all of the testimony is that, even if the defendant were negligent and grossly negligent, the plaintiff was also guilty of gross contributory negligence, which proximately caused the injury, in that he, according to his own testimony, knew that it was dangerous for him to continue to ride in the automobile of the defendant at the time of the collision, and although the automobile practically came to a stop at the toll gate, he made no request to get out of the car, but continued to ride knowing of the danger."

In granting the motion, the Honorable W. H. Muller, Special Judge Presiding, stated: "In this case, according to the testimony, some five or six miles before the accident occurred, the plaintiff here claims that the party with whom he was riding was looking back and he complained of it. He does say that he told him to stop and let him get out, and the driver said 'No, I have brought you over before; we will get there all right.' He seems to have agreed to that statement by remaining in the car. They necessarily slowed down for the toll gate, and there is no indication that he made any attempt to get out there when the car was slowed up, and there is no testimony that he even asked the driver to let him get out. On the contrary, the plaintiff testified that he knew it was dangerous to ride with him, yet he made

up his mind that he would go ahead and ride with him to the end of the journey. According to his own testimony, he agreed to assume the risks, agreed to ride, although he knew it to be dangerous. That being so, I don't think he could take the risk and then come in and ask a jury to hold somebody liable for what he apprehended fully. In my opinion, he was guilty of gross negligence."

The appeal is of course from the order granting the non-suit, and appellant states the "Questions Involved" as follows:

"I. Did the Special Judge, * * * err as a matter of law in granting the order of non-suit on the ground that the Plaintiff-Appellant was guilty of gross contributory negligence to such an extent as to bar his recovery in this action?

"II. Is the question of contributory negligence of the Plaintiff in a personal injury action a question of fact which should be submitted to the jury?

"III. Can a motion for a non-suit be granted under the so-called 'Guest Statute' on the sole ground of the gross contributory negligence of the plaintiff?

"IV. Did the testimony in the present case warrant the trial Judge holding as matter of law that the plaintiff was guilty of gross contributory negligence to such an extent as to bar his recovery and to warrant the granting of the order of non-suit?"

We need not, under the facts of this case, discuss separately Questions I, III and IV. We can dispose of Question II by quoting from the opinion in *Bolen v. Strange* et al., 192 S. C., 284, 292, 6 S. E. (2d), 466, 469, the language following: "It is true, as a rule, that the question of contributory negligence is usually a mixed one of law and fact and is usually for determination by the jury. But it is also true that when the evidence admits of but one reasonable inference, it becomes a matter of law for the determination of the Court." See, also *Lusk v. State Highway Dept.*, 181 S. C., 101, 119, 186 S. E., 786, and

*Breeden v. Rockingham R. Co.,* 193 S. C., 220, 8 S. E. (2d), 366.

Ordinarily a plaintiff should not be nonsuited on what constitutes the defendant's defense, but if the defendant's defense be established by the plaintiff's witnesses, then the objection does not apply. *Lyon v. Charleston & W. C. Ry.,* 77 S. C., 328, 58 S. E., 12; *Meyer v. Gulf Refining Co.,* 179 S. C., 324, 184 S. E., 796; *McGuire v. Steinberg,* 185 S. C., 97, 193 S. E., 205.

In granting the motion for a nonsuit, the trial Judge in his brief statement of the testimony, did not attempt to distinguish between gross negligence and such gross negligence as amounted to willfulness and wantonness, but of course we have the right to assume that he held as a matter of law under the testimony which had been adduced that respondent's conduct amounted to more than the mere failure to exercise the care of a reasonably prudent man; otherwise, under the statute, appellant would not have proven a cause of action against respondent even in the absence of contributory negligence on his part. However, under the facts of this case, irrespective of the degree of negligence exceeding that of simple negligence, be it gross negligence or such gross negligence as to amount in law to willfulness and wantonness, proven against the respondent, the appellant having testified that he knew of and appreciated the great danger to which he was exposed and would continue to be exposed so long as he remained in respondent's automobile on this trip and voluntarily continued to ride with respondent, he cannot be heard to say that this act of omission in failing to remove himself from the automobile—the place of danger—was not equally the same degree of gross negligence, willfulness and wantonness as that he charges against the respondent; and contributed as a proximate cause.

There is no claim on the part of appellant that he could not have safely gotten out of the automobile of respondent. On the contrary, when he was asked why (if respondent was

driving so recklessly) he didn't request respondent to stop the car at a toll gate through which they passed and let him out, he replied: "It wasn't much further to go, and I just decided to go on home with him." A short distance after passing the toll gate, the accident in which appellant alleges he was injured, occurred.

The following language from the opinion in *Nettles v. Your Ice Co.,* 191 S. C., 429, 438, 4 S. E. (2d), 797, 800, is apposite: "Respondent knew that Whatley was becoming progressively drunk that evening. No one knew it better that he did. He knew and appreciated the danger to which he was exposed in riding with a driver in that condition. His own testimony shows that. At every stop made by the party that night he could have left the truck and saved himself from harm, but he chose to remain in the truck and to assume the risk of that danger. The only reasonable inference to be drawn from the testimony is that respondent consciously failed to exercise due care for his own safety. We hold, therefore, as a matter of law, that he was guilty of contributory willfulness, without which his injuries would not have occurred."

It appears to us that any further discussion of this case would be a work of supererogation.

Affirmed.

Mr. Chief Justice Bonham and Messrs. Justices Carter, Fishburne and Stukes concur.