17873

Mary Viola ARDIS, Administratrix of the Estate of Harold Ardis, Appellant, v. Maxie GRIFFIN, Respondent

(123 S. E. (2d) 876)

*Messrs. Rogers & Riggs,* of Manning, and *C. M. Edmunds,* of Sumter, *for Appellant,*

*Messrs. Lee & Moise,* of Sumter, *for Respondent,*

February 8, 1962.

Lewis, Justice.

Plaintiff's intestate, Harold Ardis, was killed while riding as a guest in an automobile driven by the defendant, Maxie Griffin, when the vehicle struck a bridge on a highway in Sumter County, South Carolina. This action was brought by the plaintiff as administratrix of the Estate of Harold Ardis to recover for his alleged wrongful death. During the trial of the case, a verdict was directed by the lower Court in favor of the defendant upon the ground that the evidence conclusively showed that plaintiff's intestate was guilty of contributory recklessness and willfullness so as to bar recovery in this action. The sole question for determination in this appeal is whether or not the lower Court erred in so doing.

Plaintiff's intestate was a guest passenger in the automobile of the defendant, and this action is governed by Section 46-801 of the 1952 Code of Laws. This section "re-

stricts liability to a guest to cases where injury has resulted from either intentional or reckless misconduct of the owner or operator of the motor vehicle". *Jackson v. Jackson,* 234 S. C. 291, 108 S. E. (2d) 86.

It is conceded in this appeal that the defendant was driving the automobile in question at the time of the collision and that he was operating it in a reckless manner. Therefore, to bar recovery, the plaintiff's intestate must have been guilty of the same degree of contributory negligence as that of the defendant, that is, contributory recklessness and willfullnes. It is the position of the defendant, sustained by the lower Court, that the only reasonable inference to be drawn from the evidence is that plaintiff's intestate was guilty of contributory recklessness and willfullness, as a matter of law, in voluntarily and knowingly riding in an automobile driven by the defendant who was intoxicated at the time.

Questions as to the contributory negligence of a guest in an automobile must be determined from the facts of the particular case and are usually for determination by the jury. However, when the evidence admits of but one reasonable inference, it becomes a matter of law for determination by the Court. *Augustine v. Christopoulo et al.,* 196 S. C. 381, 13 S. E. (2d) 918.

The material testimony is not in dispute. The deceased and the defendant were friends. On Saturday afternoon, September 19, 1959, about 6 o'clock P. M., the deceased went to the defendant's home to visit. He remained there until about 9:30 o'clock P. M., after which they went together in the defendant's automobile to a place of business known as Pool's Place, located near Sumter, South Carolina. Before leaving his home to go to Pool's Place, the defendant had consumed one bottle of beer. Both remained at Pool's Place until it closed at 12 o'clock that night and, while there, they engaged in considerable drinking of intoxicants together. After the business closed and as they

left the building, they walked by an automobile in which two Sumter County law enforcement officers were seated. The officers knew both the deceased and the defendant. The officers testified that they could tell that both had been drinking, and that the defendant was too much under the influence of intoxicants to drive an automobile. Seeing the automobile of the defendant parked near by, the officers warned the defendant in the presence of the deceased not to drive his automobile, as he was too drunk to do so. After this conversation, the two men left the officers and disappeared from sight. They were not seen again by the officers until after the collision in question. The officers remained at Pool's Place until about 12:20 A. M., and the automobile of the defendant was still there at that time. Nothing further is known of the activities of the deceased and the defendant until about 1 A. M., about 35 or 40 minutes later, when the Sheriff of Sumter County was notified of a wreck which had occurred on a highway about five miles from Pool's Place. When the Sheriff arrived at the scene of the wreck about ten minutes later, he found that the defendant's car had struck the abutment of a bridge, killing plaintiff's intestate. The deceased was found in the automobile and the defendant was walking around it, under the influence of intoxicants. The defendant admitted that he and the deceased consumed a quantity of beer during the evening preceding the wreck and to such an extent that he could remember nothing that transpired after he left the building at Pool's Place, not even his conversation with the officers. Charges of reckless homicide were preferred against the defendant in connection with the death of plaintiff's intestate, and he subsequently plead guilty to such charges.

We think that the lower Court was correct in holding, under the foregoing facts, that plaintiff's intestate was guilty of contributory recklessness in voluntarily riding in the automobile driven by the defendant, when he knew that the defendant was so intoxicated as to incapacitate him from driving in a reasonable and prudent manner.

The question of whether a guest's knowledge that the driver of a vehicle in which he is riding is intoxicated precludes recovery under the guest statutes is the subject of an Annotation in 15 A. L. R. (2d) 1165. This Court has had occasion to deal with the question in the following cases: *Nettles v. Your Ice Co. et al.,* 191 S. C. 429, 4 S. E. (2d) 797; *Augustine v. Christopoulo et al., supra,* 196 S. C. 381, 13 S. E. (2d) 918; and *Jackson v. Jackson,* 234 S. C. 291, 108 S. E. (2d) 86.

In the first mentioned case of *Nettles v. Your Ice Co., supra,* the guest was held to have been guilty of contributory willfullness in continuing to ride in the vehicle, after opportunity to get out, when he knew that the driver was getting progressively drunk and appreciated the danger to which he subjected himself. The Court stated that, under those circumstances, the guest was, as a matter of law, "guilty of contributory willfullness, without which his injuries would not have occurred."

In *Augustine v. Christopoulo, supra,* the guest testified that he knew of and appreciated the danger to which he was exposed by continuing to ride with the intoxicated driver. The Court held that "the appellant (guest) having testified that he knew of and appreciated the great danger to which he was exposed and would continue to be exposed so long as he remained in respondent's automobile on this trip and voluntarily continued to ride with respondent, he cannot be heard to say that this act of omission in failing to remove himself from the automobile—the place of danger—was not equally the same degree of gross negligence, willfullness and wantonness as that he charges against the respondent; and contributed as a proximate cause."

In *Jackson v. Jackson, supra,* the Court held that the evidence presented a jury issue as to whether the guest was guilty of contributory willfullness. There the facts presented an issue as to whether the guest knew of the driver's intoxicated condition and continued to ride with him as a guest with such knowledge.

The general principle underlying the foregoing decisions is that a guest in an automobile, who voluntarily and knowingly entrusts his safety and security to a driver who is intoxicated, is equally at fault with the driver and is precluded from recovery for injuries sustained in an accident if the intoxicated condition of the driver was a proximate cause thereof. 5A Am. Jur. 739, Section 792. In such a situation, the guest, in knowingly entrusting his safety to a driver who is intoxicated, is guilty of a conscious failure to exercise due care. The conscious failure of the guest to exercise due care for his own safety would constitute willfullness and recklessness and, where such conduct on the part of the guest contributes as a proximate cause to his injury, he is guilty of contributory recklessness and willfullness which bars recovery under the guest statute.

The evidence in this case conclusively shows that the defendant was under the influence of intoxicants at the time of the collision in which plaintiff's intestate was killed. The defendant admits it and the officers who saw him shortly before the accident testified to the fact. When he was seen by the Sheriff of Sumter County shortly after the accident, he was still under the influence. There was no testimony to the contrary. The evidence further conclusively shows that the deceased knew that the defendant was under the influence of intoxicants when he entered the automobile. About this there can be no dispute, for they had been drinking together for approximately two hours and the deceased was present when the officers warned the defendant against the operation of his automobile because of his obvious intoxicated condition. A short time thereafter the defendant drove his car into the abutment of a bridge killing the deceased who was riding with him. The conclusion is inescapable that, knowing the intoxicated condition of the defendant and his inability because of such fact to properly operate the automobile, the deceased nevertheless submitted himself to the peril of riding with him. His actions in so doing preclude

recovery in this case, and the trial Judge properly directed a verdct in favor of the defendant.

Affirmed.

TAYLOR, C. J., and MOSS and BUSSEY, JJ., concur.