18561

Lonnie Lee BENTON, Jr., by his Guardian *ad Litem*, Lonnie Lee Benton, Appellant, v. Donald Edward DAVIS, a minor, Harry L. Cannady, a minor, Herman Webster and Martschink Beer Distributors, Inc., Respondents.

(150 S. E. (2d) 235)

*Samuel C. Craven, Esq.,* of Charleston, *for Appellant,*

*Messrs. Sinkler, Gibbs & Simons,* of Charleston, *for Respondents, Harry L. Cannady* and *Herman Webster,* and *Grimball & Cabaniss,* of Charleston, *for Respondent, Donald Edward Davis,*

September 8, 1966.

LEWIS, Justice.

The plaintiff brought this action to recover for injuries sustained in an automobile collision. A jury returned a verdict in favor of the defendants and plaintiff has appealed. The plaintiff alleges that the trial judge erred (1) in the denial of his motion for a directed verdict, (2) in rulings relative to the claim for damages, and (3) in certain portions of the charge to the jury.

The plaintiff, a minor, 19 years of age at the time, was injured on the afternoon of February 7, 1964, while riding as a passenger in a Volkswagen automobile owned by the defendant Herman Webster and driven at the time by the defendant Donald Edward Davis. Plaintiff's injuries were received when the driver lost control of the car and it overturned while they were passing a truck at a speed of 60 to 65 miles per hour on a narrow, winding road near Charleston, South Carolina. There were five persons in the automobile at the time of the accident—the plaintiff, the defendants Davis and Cannady, and two others. The defendant Cannady was sued upon the theory that the defendant Webster, the owner, had loaned the vehicle to Cannady who, in turn had authorized its operation by Davis, the driver. This action was brought by plaintiff through his guardian *ad litem* against the above defendants to recover for the injuries received in the accident.

Since the plaintiff was a guest passenger in the vehicle, his right to recover in this action was governed by the provisions of Section 46-801 of the 1962 Code of Laws which, as construed by this Court, "restricts liability to a guest to cases where injury has resulted from either intentional or reckless misconduct of the owner or operator of the motor vehicle." *Crocker v. Weathers,* 240 S. C. 412, 126 S. E. (2d) 335.

The plaintiff alleged in his complaint that the driver of the automobile operated it at the time and place in a reckless manner and that the remaining defendants were liable for the driver's acts. The answers of the defendants interposed, among others, the defenses of contributory recklessness and assumption of risk as a bar to plaintiff's recovery. During the trial of the case, plaintiff moved for a directed verdict in his favor against the defendant Davis, the driver, upon the ground that the evidence conclusively showed recklessness on the part of the driver, and that the defendants failed as a matter of law to establish contributory recklessness or assumption of risk on the part of plaintiff so as to bar

recovery. This motion was refused by the trial judge, as was a motion by the defendants for a directed verdict in their favor, and all issues were submitted to the jury for determination, resulting in a verdict for the defendants.

The first question for determination is whether the trial judge erred in refusing plaintiff's motion for a directed verdict as to liability of the defendant Davis, the driver of the automobile. It is assumed for the purposes of this appeal that the defendant Davis was operating the vehicle at the time of the collision in a reckless manner. Therefore, to bar recovery, plaintiff must have been guilty of contributory recklessness. *Ardis v. Griffin,* 239 S. C. 529, 123 S. E. (2d) 876. The question then is narrowed to one of whether there was any evidence to require submission to the jury of the issue of contributory recklessness on the part of the plaintiff.

The plaintiff and the other occupants of the car in which he was riding were good friends, apparently all about the same age. The plaintiff had spent the night away from home and he and the others in the car got together around 11 o'clock A. M. on the day of the accident. They had been driving around Charleston County and visiting various places from that time until the wreck happened about 4 P. M. There is evidence to support the conclusion that the occupants of the car were just riding around drinking beer or liquor at various times and places during the day of the wreck; that plaintiff participated in the drinking at least to the extent of one can of beer; that plaintiff knew that the other members of the party, including the driver, had been drinking; and that at no time prior to the accident did plaintiff try, or indicate any desire, to leave the party. The investigating officer testified that the odor of alcohol was strong in the automobile immediately after the wreck. The Volkswagen driven by the defendant Davis in this accident was the third automobile he had wrecked, all of which the plaintiff knew. In fact, the plaintiff and the

defendant Davis, with Davis driving, were involved in a wreck about a week prior to the one here involved.

It is further inferable that the defendant Davis, the driver, was under the influence of intoxicants at the time of the collision and that such condition contributed as a proximate cause to the collision, and that he was known by the plaintiff to be a reckless driver.

Further review of the testimony would serve no useful purpose. It is well settled that questions as to the contributory negligence or recklessness of a guest in an automobile are ordinarily for determination by the jury and become a matter of law for determination by the court only when the evidence admits of but one reasonable inference thereabout. *Lynch v. Alexander*, 242 S. C. 208, 130 S. E. (2d) 563.

We have consistently recognized the principle that "[a] guest is barred from recovery for injuries caused by the host's reckless disregard of the guest's safety, if knowing of the host's reckless misconduct and the danger involved to said guest, the guest recklessly exposes himself thereto." *Crocker v. Weathers, supra. Nettles v. Your Ice Co.,* 191 S. C. 429, 4 S. E. (2d) 797; *Augustine v. Christopoulo,* 196 S. C. 381, 13 S. E. (2d) 918; *Jackson v. Jackson,* 234 S. C. 291, 108 S. E. (2d) 86; *Ardis v. Griffin, supra,* 239 S. C. 529, 123 S. E. (2d) 876; *Lynch v. Alexander, supra,* 242 S. C. 208, 130 S. E. (2d) 563; *Gray v. Barnes,* 244 S. C. 454, 137 S. E. (2d) 594.

The factual situation presented in this case is clearly susceptible of a reasonable inference of contributory recklessness on the part of the plaintiff and the issue was properly submitted to the jury for determination. There is evidence that plaintiff joined in a riding and drinking party from 11 A. M. until the wreck at 4 P. M., with the driver, known to be reckless, joining in the drinking; and, although he knew the driver was of a reckless disposition

and drinking, continued in the vehicle until the wreck occurred, although ample opportunity existed for him to leave the car. Such conduct would support a finding by the jury that the plaintiff recklessly failed to take any care or precaution for his own safety, which barred him from recovery.

It is next contended that the trial judge erred in his rulings with respect to the claim of plaintiff for medical expenses. The complaint alleged, with respect to this item of damages that plaintiff "has been forced to expend, and that he is informed and believes, he will be forced to expend large sums of money for hospitalization, medical attention, medical supplies and nursing for the rest of his life. * * *" While the record contains none of the testimony relative to medical expenses, it appears that plaintiff offered in evidence a statement showing medical bills incurred for his treatment in the amount of approximately $8,400.00. The plaintiff was 19 years of age at the time of the collision and 20 at the time of trial. When this evidence relative to the medical expenses was offered, objection was interposed by the defendants upon the ground that expenses incurred by the plaintiff during his minority were not a part of his claim but that of the parents. In response to the objection, the trial judge indicated that he interpreted the complaint as seeking recovery for all medical expenses of the plaintiff, both past and future, including those incurred during his minority; and that recovery for both, in an action by the minor, was permitted under the law. Counsel for plaintiff then stated to the court that no recovery was sought in this action for medical expenses during the minority of the plaintiff and, to eliminate any question thereabout, moved to amend his complaint so as to remove any claim for such expenses.

When the motion to amend was made and the court indicated, with the consent of the defendants, that it would be allowed, question arose as to the admissibility of evidence as to the amount of the medical bills incurred during plain-

tiff's minority, if the complaint was so amended and recovery for medical expenses confined to those which might result after plaintiff reached his majority. The plaintiff contended that, if the complaint was so amended, proof of the cost of the prior hospitalization and medical expenses would be admissible in any event as a guide to the jury in determining the amount of any award for future medical expenses. The trial judge ruled that, if the medical expenses of plaintiff during his minority were not an element of damage in the case, then the evidence as to the amount thereof should be stricken from the record. Upon such ruling, counsel for plaintiff, apparently desiring to keep in the record proof of the cost of the prior medical expenses, withdrew his motion to amend and stated that he would let the complaint "stay just as it is."

When the motion to amend was withdrawn, the trial judge ruled that the complaint included demand for recovery of all medical expenses incurred on behalf of the minor plaintiff, both past and future; allowed the introduction of testimony as to the cost of the prior medical expenses; and all issues thereabout were submitted to the jury, without further objection.

The plaintiff now seeks to challenge the correctness of the foregoing rulings of the trial judge. We need not attempt to state the particular assignments of error or determine whether the rulings were erroneous. In any event, they clearly resulted in no prejudice to plaintiff in this case in view of the verdict of the jury absolving the defendants of *all* liability.

The plaintiff apparently sustained serious personal injuries and the element of damages in question was one of several submitted to the jury. The challenged rulings related only to the claim for medical expenses incurred during plaintiff's minority and in no way affected the basic right of plaintiff to recover. The award of damages in any amount was necessarily predicated upon the right to

recovery, which the jury denied. Since the jury found that there was no liability for any damage, the plaintiff was not prejudiced by the rulings of the court relative to one of several elements of damage submitted. See: *Laurens Telephone Co. v. Enterprise Bank,* 90 S. C. 50, 72 S. E. 878.

It is next contended that a new trial should be granted because of alleged error in the instructions to the jury relative to the defense of assumption of risk. We do not reach the merits of this question because of the failure of plaintiff to object to the instructions at the conclusion of the charge when opportunity was afforded to do so.

At the conclusion of the charge, the jury was excused and opportunity given to counsel to make objections to the charge and to request additional instructions. No objection was made by plaintiff at that time to the instruction relative to the defense of assumption of risk and the failure to do so constituted a waiver of any objection thereto. Section 10-1210 of the 1962 Code of Laws; *Johnson v. Williams,* 238 S. C. 623, 121 S. E. (2d) 223.

The plaintiff argues however that an objection was made at a conference in the judge's chambers prior to the charge and that such objection was sufficient to preserve his right to have the question reviewed on appeal. We do not agree. While counsel for defendants concede in the brief that such an objection was made at the precharge conference, it was not entered in the record and the trial judge did not recall that it had ever been made. No doubt the trial judge considered the conference an informal one between him and counsel and not a part of the record in the case, which would explain his failure to have the Court Reporter present to record what transpired. It was counsel's duty to enter any objection to the charge at the conclusion thereof when opportunity was afforded to do so. The duty to make timely objection to portions of the charge considered erroneous is not discharged by an objection made at an informal conference in the judge's chambers which is not recorded as a part of the record.

Finally, the plaintiff alleges that the trial judge erred in his charge in response to the jury's request for further instructions. During the deliberations of the jury, they returned to the courtroom and requested the trial judge to clarify the charge given to them "on the balance of justice". The judge did not immediately understand the reference to the charge "on the balance of justice", but concluded, after inquiry of the jury, that they were seeking further instructions on the burden and degree of proof. He then correctly instructed them again as to the burden of proof on the various issues in the case and also as to the meaning of "greater weight or preponderance of the evidence". At the conclusion of these instructions, the jury indicated, in response to inquiry by the court, that the additional instructions given were those sought by them.

The plaintiff apparently contends that the request by the jury for further instructions on "the balance of justice", when no charge previously given them had been so labelled, indicated that the entire charge was so vague that the jury did not understand the instructions that had been given them and, therefore, a new trial should be granted. The short and conclusive answer to this argument is that the trial judge ascertained what the jury meant by "balance of justice"; instructed them correctly in response thereto; and the jury indicated at the conclusion of the instructions that any misunderstanding, which they may have previously had, was removed by the instructions given. We find nothing to indicate that the verdict of the jury resulted from any misunderstanding on their part of the instructions given by the court.

All exceptions are overruled and the judgment affirmed.

Moss, C. J., Bussey and Brailsford, JJ., and Lionel K. Legge, Acting Associate Justice, concur.