## 19119

Edward CANADY, Respondent, v. MARTSCHINK BEER DISTRIBUTORS, INC., Donald E. Davis, and Herman Webster, of whom Donald E. Davis is Appellant.

(177 S. E. (2d) 475)

*Messrs. Grimball & Cabaniss,* of Charleston, *for Appellant,*

*Messrs. Robert B. Wallace,* and *Paul N. Uricchio, Jr.,* of Charleston, *for Respondent,*

November 5, 1970.

LEWIS, Justice.

Plaintiff was injured when the automobile in which he was a passenger overturned. He brought this action against one Herman Webster, the owner of the automobile; Donald E. Davis, the driver, hereafter referred to as defendant; and Martschink Beer Distributors, Inc., the owner of a truck being overtaken and passed at the time of the collision, to recover the damages sustained. The owner of the automobile was eliminated as a party upon oral demurrer prior to trial. The trial judge directed a verdict, as to liability, against defendant, leaving, as to him, only the question of the amount of damages to be assessed. The case was then submitted to the jury against Martschink generally, and against defendant on the limited issue of damages. The jury exonerated Martschink from liability and returned a verdict against the defendant, the driver of the automobile, in the amount of $17,500.00 actual damages, from which only defendant has appealed.

The defendant, by way of defense, entered a general denial and pled the affirmative defenses of contributory recklessness and assumption of risk. The affirmative defenses were based

upon allegations that plaintiff was participating in a drinking and joy-riding party with defendant and other occupants of the automobile, all of whom, including defendant, were under the influence of intoxicants.

■ Since plaintiff was a guest passenger, he could recover against defendant, the driver, only upon a showing of intentional or reckless misconduct in the operation of the vehicle. Therefore, contributory negligence on the part of plaintiff would not be a defense unless it amounted to a reckless disregard for his own safety. *Benton v. Davis*, 248 S. C. 402, 150 S. E. (2d) 235. (The cited case arose out of the present collision and involved liability of defendant to another guest passenger.)

At the conclusion of the testimony, the trial judge directed a verdict against the defendant as to liability upon the grounds that (1) the evidence conclusively showed recklessness on the part of the defendant in the operation of the automobile, (2) assumption of risk was not an available defense in this *tort* action, and (3) in any event, there was no evidence to sustain either the plea of contributory recklessness or assumption of risk.

For the purposes of this appeal, defendant concedes that he was guilty of recklessness in the operation of the automobile at the time of the accident. He challenges however the rulings of the trial judge relative to the defenses of contributory recklessness and assumption of risk, contending that there was ample evidence to require the submission of these issues to the jury for determination.

The first questions to be decided concern the rulings of the trial judge relative to the pleas of contributory recklessness and assumption of risk. These involve two issues—first, whether assumption of risk was an available defense in this *tort* action; and, second, whether there was any evidence to sustain either of the pleas, requiring their submission to the jury for consideration.

The question of whether the defense of assumption of risk is available in a *tort* action is disposed of by our decision in *Baker v. Clark,* 233 S. C. 20, 103 S. E. (2d) 395.

While we stated in *Cooper v. Mayes,* 234 S. C. 491, 109 S. E. (2d) 12 that "assumption of risk, in its true sense, rests in contract, not *tort,*" and that its usual application arises in master-servant relationships, we recognized in the *Baker* case that it is also available as a defense where no such contractual relationship exists. It was stated in *Baker:*

"There is some confusion in the cases as to whether a defense of this kind should be characterized as contributory negligence or assumption of risk. The two are closely associated. As pointed out by Professor Prosser * * *, in the early decisions the doctrine of assumption of risk was confined to cases arising out of the relation of master and servant but it is now recognized that *the basis of the defense is not contract but consent, and that it is available in many cases where no contract exists.*" (Emphasis added.)

The basis for the application of the defense in *tort* actions was stated in *Baker* as follows:

"* * * if a plaintiff freely and voluntarily enters into some relation with a defendant which presents obvious danger, he will be regarded as impliedly agreeing to look out for himself and to relieve the defendant of responsibility."

We therefore hold in accord with the foregoing principles that the defense of assumption of risk is available in *tort* actions where the facts warrant its application.

While assumption of risk may constitute a defense in a *tort* action, the facts in this case do not warrant its application and the trial judge properly refused to submit the issue to the jury. The conduct attributed to respondent in this case has been rather consistently characterized as contributory recklessness and not assumption of risk. *Benton v. Davis, supra,* 248 S. C. 402, 150 S. E. (2d) 235, and cases cited therein.

The next question then is whether there was any evidence to sustain the plea of contributory recklessness so as to require its submission to the jury for consideration.

We have held that a guest in an automobile, who voluntarily and knowingly entrusts his safety and security to a driver who is under the influence of intoxicants, is equally at fault with the driver and is guilty of contributory recklessness as a matter of law, so as to preclude him from recovery for injuries sustained in an accident if the intoxicated condition of the driver was a proximate cause thereof. *Ardis v. Griffin,* 239 S. C. 529, 123 S. E. (2d) 876.

In determining whether the trial judge erred in dismissing the defense of contributory recklessness, the testimony and the reasonable inferences to be drawn therefrom must be viewed in the light most favorable to defendant.

Plaintiff, seventeen (17) years of age at the time, was injured about 4 o'clock p. m., on February 7, 1964, near Charleston, South Carolina, while riding as a passenger in a Volkswagen automobile driven by defendant. Plaintiff's injuries were sustained when defendant lost control of the vehcile and it overturned as they were overtaking and passing a truck at a speed of 60 to 65 miles per hour. There were three others in the car, besides plaintiff and defendant. They were all young men apparently taking a day off with plaintiff, playing hooky from school. They began riding around together, about 11 o'clock a. m., on the day of the accident and continued to ride around together, with defendant driving, visiting various places in the Charleston area, until about 4 o'clock p. m. when the accident occurred.

There was testimony that liquor was consumed by various members of the party from three bottles of liquor during the day. The first bottle, described as a small one, was in the car when respondent joined the party. The second was a bottle of corn liquor purchased at one of their stops at a grocery store. The third was acquired at a legal liquor store. Between the purchases of liquor, a stop was made at a beer

joint and beer was consumed. While pleasure riding from 11 o'clock a. m. to 4 o'clock p. m., stops were made at a grocery store when liquor was bought, a beer joint, the place of employment of one of the passengers so that he could get his pay check, a filling station where the pay check was cashed, a liquor store, and two of the beaches near Charleston.

Plaintiff denied consuming any alcoholic beverages during the day, except part of a can of beer. Defendant, the driver, while denying that he was under the influence of intoxicants, admitted that he drank some liquor and beer but was somewhat indefinite as to the amounts. There was testimony that plaintiff showed a little sign of intoxication before the accident.

The investigating patrolman testified that there was a strong odor of alcohol about the car after the wreck.

Since there must be a new trial, the testimony will not be further reviewed. While it is not the only inference which may be drawn, we think that the total factual situation is susceptible of a reasonable inference that defendant, the driver, was under the influence of intoxicants; that such resulted from his drinking activities during the day, in which plaintiff voluntarily participated; and that plaintiff with knowledge of the condition of the driver chose to remain in the automobile, thereby consciously failing to exercise due care of his own safety. The trial judge was accordingly in error in refusing to submit the issue of contributory recklessness to the jury for determination.

The final question involves the failure of plaintiff to call his brother as a witness and the inferences which may be properly drawn therefrom.

Plaintiff's brother, who has a similar action pending against defendant, was a passenger in the automobile at the time of the accident and had been with the group throughout the day. He testified in a prior action brought by another passenger to recover damages sustained in the same accident,

*Benton v. Davis, supra;* and was cross examined at that time by present counsel for the defendant. He was not called as a witness in this trial and his absence was unexplained.

The trial judge ruled that no inference could be drawn from the unexplained failure of the brother of plaintiff to testify. Defendant contends that this was error and that the unexplained failure of plaintiff to call his brother as a witness permitted the inference to be drawn that, if the brother had testified, his testimony would have been adverse to plaintiff.

We stated in *Matthews v. Porter,* 239 S. C. 620, 124 S. E. (2d) 321:

"It is well settled in this State that if a party fails to produce the testimony of an available witness on a material issue in the cause, it may be inferred that such testimony, if presented, would be adverse to the party who fails to call the witness. (Citing cases). Generally, the rule above stated is applied when the uncalled witness is a relative of the party failing to call such witness, or within some degree of control of said party. *Davis v. Sparks,* 235 S. C. 326, 111 S. E. (2d) 545."

Plaintiff's brother was an available witness to plaintiff and not to defendant within the meaning of the foregoing rule. He was an eye witness who could testify as to the extent of defendant's intoxication and the participation of plaintiff in the drinking activities of the group during the day. These were material issues upon which the testimony of the other witness differed in certain important respects. Therefore, the testimony of the brother, an eye witness, was not merely cumulative but might have been of material aid in resolving the conflicting inferences from the testimony.

Under the present facts, defendant was entitled to the benefit of the presumption or inference that, if the brother had testified, his testimony would have been adverse to the position of plaintiff.

The judgment of the lower court is accordingly reversed and the cause remanded for a new trial.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.