19376

Harold E. BERRY, Respondent, v. Harold M. HALL, Appellant

(187 S. E. (2d) 242)

*Messrs. Jefferies & Wise,* of Greenwood, *for Appellant,*

65

*Messrs. J. Roy Berry,* of Johnston, and *W. Ray Berry,* of Columbia, *for Respondent,*

March 1, 1972.

LITTLEJOHN, Justice:

Plaintiff Harold E. Berry instituted this action to recover for personal injuries sutained. The complaint alleges that the defendant, Harold M. Hall, operated his motor vehicle heedlessly and recklessly, and that such conduct proximately caused plaintiff's injuries. The action is brought under our guest statute, Section 46-801.

The jury returned a verdict in favor of the plaintiff. The defendant moved for judgment notwithstanding the verdict, and in the alternative for a new trial and/or a new trial *nisi*. From an order of the trial judge overruling all motions, the defendant has appealed.

It is the contention of the defendant that a motion for a nonsuit or a directed verdict or for judgment notwithstanding the verdict should have been granted. Failing therein, it is the contention of the defendant that a new trial should be granted because of erroneous charges to the jury.

On August 23, 1969, plaintiff drove his car to the home of the defendant and parked in front of the house. The plaintiff, the defendant and defendant's wife then drove to visit defendant's brother, traveling in defendant's 1956 two-door Chevrolet automobile. Following this visit the parties returned to the home of the defendant where plaintiff was to pick up his automobile.

Upon their arrival the defendant stopped his car in such a position as to block the plaintiff's car. The defendant's wife got out of the car, walked around the front of it, and proceeded up the steps to the porch. Plaintiff, who had been seated on the rear seat, then pushed the upright portion of the right front seat forward, and proceeded to disembark by way of the right door. The defendant had remained in

the car with the motor running, intending to pull his car out of the way in order that plaintiff's car could be moved. As plaintiff was getting out, defendant put the car in gear and the car pitched forward. The sudden movement caused plaintiff, who had one foot under the seat and one foot suspended in air, to fall to the ground. A serious and permanent injury to plaintiff's ankle resulted.

In order to prevail under our guest statute, the plaintiff must introduce evidence that the operator of the vehicle in which the guest was riding acted intentionally or acted heedlessly and recklessly in causing the injury. The question is ordinarily one for the jury.

Contributory negligence on the part of a plaintiff will not bar recovery under the guest passenger statute, however, contributory heedlessness or contributory recklessness on the part of the guest passenger will bar recovery. *Powers v. Temple,* 250 S. C. 149, 156 S. E. (2d) 759 (1967). This matter is likewise ordinarily for determination by the jury. *Ardis v. Griffin,* 239 S. C. 529, 123 S. E. (2d) 876 (1962).

The defendant contends that, from the evidence introduced at the trial, the judge should have concluded as a matter of law first, that the plaintiff had failed to show recklessness and heedlessness on defendant's part, and secondly, that the plaintiff was guilty of contributory recklessness and heedlessness as to bar recovery.

A careful review of the record convinces us that the evidence is susceptible of more than one reasonable inference. We therefore conclude that the trial judge acted properly in allowing the case to go to the jury.

Viewing the evidence in the light most favorable to the plaintiff we hold that one could reasonably infer that the defendant acted recklessly and heedlessly. His own testimony indicates that he knew that his car had a defective transmission and a propensity to jump or jerk when it was put in gear; that he knew that the plaintiff was about to

leave defendant's car to go to his own vehicle; that he watched his wife walk into the house instead of watching the plaintiff. The defendant knew or should have known that the plaintiff was about to crawl out of the back seat. Further, the upright part of the right front seat in his two-door vehicle had been pushed forward such that it would quite likely touch or almost touch the defendant. We think it at least inferable that defendant was negligent and was conscious of the fact that his conduct would likely cause injury. His conduct under the circumstances supports the conclusion that he was more than simply negligent and that he was reckless and heedless.

Again viewing the evidence in the light most favorable to the plaintiff, even if plaintiff was contributorily negligent, it is inferable that he was less than contributorily heedless or reckless. Defendant argues that plaintiff was aware that defendant would have to move his automobile to keep from blocking plaintiff's car, and that plaintiff was aware that defendant was looking elsewhere. Defendant therefore insists that plaintiff should not have attempted to alight from the automobile without first ascertaining defendant's intentions.

Such conclusion is not unreasonable. However, neither is it unreasonable to infer that, under the circumstances, plaintiff was entitled to assume that defendant would keep his car standing still until plaintiff had safely climbed out. This question was for the jury to determine, and we are not inclined to disturb their finding.

The trial judge read Sections 46-401 and 46-511 of the Code in his charge to the jury. Section 46-511 expressly applies only to vehicles *"driven or moved on any highway."* (Emphasis added.) Section 46-401, when read together with Section 46-288, also applies only to vehicles operated upon the highways. Section 46-401 relates to starting a parked vehicle; Section 46-511 relates to the unlawful operation of unsafe vehicles.

It is uncontradicted that this accident occurred on private property. Counsel for defendant urges that these sections of the Code were therefore inapplicable to the facts of this case and that it was reversible error for the judge to include them in his charge. Counsel for the plaintiff contends that this was merely harmless error.

These sections of the Code were not intended to regulate the operation of automobiles upon private property. It was therefore error for the trial judge to include them in his charge.

It is of course impossible for us to say with certainty what effect, if any, this erroneous charge had on the jury. We think, however, that the probability of prejudice to the defendant is sufficiently strong that a new trial must be granted.

Reversed and remanded.

Moss, C. J., concurs in result.

LEWIS, BUSSEY and BRAILSFORD, JJ., concur.